IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
File No. 1:17-cv-477-TDS-JEP

| | |
|---|---|
| DARRYL HOWARD,<br><br>    Plaintiff,<br> v.<br>CITY OF DURHAM, et al.,<br><br>    Defendants. | **MOTION FOR DE BENE ESSE DEPOSITION UNDER LAW ENFORCEMENT SUPERVISION** |

Pursuant to Local Civil Rule 26.1(e), plaintiff moves the Court for leave to conduct a *de bene esse* deposition of Dwight Moody Moss in a courtroom at the Durham County Courthouse with an armed deputy present to ensure that the deponent is orderly (an arrangement suggested by state law enforcement personnel). In support of this motion, plaintiff shows the Court the following:

1. Dwight Moody Moss is one of the witnesses Defendant Darrell Dowdy claimed implicated plaintiff in the murders of Doris and Nishonda Washington ("Washington murders")—crimes Plaintiff did not commit. Plaintiff was released from prison in 2016 when the Durham County Superior Court vacated Plaintiff's conviction based on exculpatory DNA testing demonstrating Plaintiff's innocence.

2. Dowdy claimed Moss had volunteered a detailed statement implicating Plaintiff in the Washington murders. But at his first partial deposition, Moss testified that he repeatedly told Dowdy that he did not have any information about the Washington

1

murders—that he "didn't know nothing"—but Dowdy eventually came to him with a prewritten statement, and to get Dowdy to leave him alone Moss signed it without reading it. (*See* Dkt. No. 87 (Plaintiff's opposition to Defendants' motion for summary judgment) at 12, 55-56.)

3. Due to Moss's disruptive behavior, his deposition was not completed. In addition, Defendants sought at summary judgment to exclude Moss's testimony on the grounds he was not competent to testify, but the Court held there was insufficient record to evaluate Moss's competency to testify or the admissibility of his partial deposition testimony. (Dkt. No. 119 at 53–56.)

4. Given Moss's past behavior and uncooperativeness, there is an extremely high risk that Moss would not comply with a subpoena to appear at trial. Obtaining Moss's testimony though a *de bene esse* deposition at some point before trial would be much more feasible.

5. Law enforcement personnel present at the state courthouse where the second partial deposition took place suggested that with advance notice, they could provide an appropriate arrangement to safely conduct Moss's deposition. In particular, they suggested the deposition could proceed in a courtroom at the Durham County Courthouse, with an armed deputy present throughout the deposition. To ensure that Plaintiff is able to present Moss's testimony at trial, Plaintiff moves the Court to permit a *de bene esse* deposition to proceed in that manner.

6. On August 23, 2019, Plaintiff first noticed the deposition of Moss, to be conducted on September 11, 2019, at the law offices of Thomas Ferguson & Mullins in

2

Durham, North Carolina. Moss had been personally served on August 14, 2019, with a subpoena requiring him to testify at the deposition.

7. On September 11, 2019, Moss appeared for the deposition. Even before questioning began on the record, Moss appeared agitated and expressed frustration about having to appear. Plaintiff's counsel, Amelia Green, began questioning Moss at about 10:12 a.m.

8. Over the course of the deposition, Moss became increasingly hostile and aggressive in response to Ms. Green's questions. By about 11:46 a.m., Moss had become so aggressive that Plaintiff's counsel had concerns regarding continuing the deposition without involvement by the Court. Counsel recessed the deposition so they could contact the Court to seek advice on how to proceed. After counsel went off the record to do so, Moss continued to act in an aggressive and physically intimidating manner, getting up and raising his voice even further while looming over Ms. Green and gesticulating with his finger at Ms. Green's face.

9. On September 27, 2019, Plaintiff filed a consent motion to continue Moss's deposition under court supervision. (Dkt. No. 52.) The Court held a telephone conference on the motion on October 18, 2019, pursuant to Local Rule 37.1(b).

10. On October 22, 2019, the Court issued an order granting Plaintiff's motion, directing, *inter alia*, that (a) the deposition of Moss be continued on November 19, 2019, at the Durham County Courthouse; (b) Moss must not be disruptive or disorderly, and must answer questions to the best of his ability; and (c) warned Moss that his failure to comply with the order could result in him being held in contempt of court. (Dkt. No. 54.)

11. On November 19, 2019, Plaintiff's counsel, Nick Brustin, resumed the deposition of Moss at 9:38 a.m. in a conference room at the Durham County Courthouse. (Ex. A, 2d Moss. Dep. at 1.)

12. During the deposition, Moss admitted that he has trouble controlling himself, has committed crimes as a result, and has "a lot of experience" with crimes of violence. (Id. at 25.) Moss has a significant criminal history, including convictions for assault with a deadly weapon, assault on a female, possession of a firearm by a felon, and carrying a concealed weapon. During the time he was a witness against Plaintiff in Plaintiff's criminal prosecution, Moss was being investigated for a different Durham murder involving a potential sexual assault and murder of a woman.

13. As the deposition continued, Moss became increasingly agitated and began raising his voice. (Id. at 44-46.) Moss began yelling and using profanities. (Id. at 47-48.) He eventually stood up and pounded his fists on the table in an intimidating manner. (Id. at 49-51.) Moss was so loud that Sheriff's deputies in the courthouse came to the conference room to see what was causing such a disturbance.

14. At 10:49 a.m., Plaintiff's counsel recessed the deposition because Moss was being too disruptive to continue. (Id. at 51.) During the recess, counsel spoke to a Sheriff's deputy who stated that although they did not have staffing available to do so that day, with advance notice, the deposition could proceed in a courtroom with an armed deputy present the entire time.

15. After the second deposition recessed, the parties discussed how to complete Moss's deposition. The parties agreed that given the attention all parties would be

4

devoting to summary judgment briefing at that time, it was prudent to delay addressing any continuation of Moss's deposition until after the briefing on defendants' motions for summary judgment was complete.

16. On March 11, 2020 – after summary judgment briefing was finished – Plaintiff filed a motion for leave to continue Moss's deposition under law enforcement supervision. (Dkt. No. 107.) The Court denied the motion because the discovery period had closed, but stated that the parties should seek a *de bene esse* deposition from the trial judge after dispositive motions were resolved. (Dkt. No. 110.) Plaintiff is now proceeding as the Court instructed.

17. Moss is one of the people who Dowdy claimed implicated Plaintiff in the Washington murders, and he has now testified that he actually knew nothing about the murders, and that the statement Dowdy attributed to him was written entirely by Dowdy. Moss is thus an important witness in this case. Plaintiff's counsel has been unable to fully question Moss due his disruptions at the deposition. Moss's conduct to date and violation of the Court's October 2019 order shows that he would likely not comply with a subpoena to appear at trial. Plaintiff needs to conduct a *de bene esse* deposition of Moss in order to present his testimony at trial because there is a substantial likelihood that Moss will not appear to testify at trial.

18. Accordingly, Plaintiff requests that the Court grant leave to conduct a *de bene esse* deposition of Moss in the Durham County courthouse with law enforcement personnel present in the room to ensure that the deponent is orderly.

5

19. Plaintiff's counsel has consulted with Defendants' counsel regarding this motion. Defendants do not consent to this motion.

Plaintiff therefore respectfully requests that the Court grant Plaintiff leave to conduct a *de bene esse* deposition of Moss in the Durham County courthouse with law enforcement personnel present in the room to ensure that the deponent is orderly.

This the 1st day of March, 2021.

           /s/ Narendra K. Ghosh
           Narendra K. Ghosh, NC Bar No. 37649
           nghosh@pathlaw.com
           Bradley J. Bannon, NC Bar No. 24106
           bbannon@pathlaw.com
           PATTERSON HARKAVY LLP
           100 Europa Dr., Suite 420
           Chapel Hill, NC 27517
           (919) 942-5200

           Barry Scheck, NY Bar No. 1634765
           barry@nsbcivilrights.com
           Nick Brustin, NY Bar No. 2844405
           nick@nsbcivilrights.com
           Anna Benvenutti Hoffman, NY Bar No. 4412011
           anna@nsbcivilrights.com
           Amelia Green, NY Bar No. 5428412
           amelia@nsbcivilrights.com
           NEUFELD SCHECK & BRUSTIN, LLP
           99 Hudson Street, 8th Floor
           New York, NY 10013
           (212) 965-9081

           *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for Defendants.

Dated: March 1, 2021.

/s/ Narendra K. Ghosh
Narendra K. Ghosh, NC Bar No. 37649
Patterson Harkavy LLP
100 Europa Dr., Suite 420
Chapel Hill, NC 27517
(919) 942-5200
nghosh@pathlaw.com

*Counsel for Plaintiff*